[Cite as *State v. Dotson*, 2023-Ohio-533.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,              :

                             No. 111719

      v.                                      :

CARLOS DOTSON,                          :

      Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 23, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-653422

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Paul, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Carlos Dotson ("Dotson"), raising a single assignment of error, argues that the Reagan Tokes Law is unconstitutional and,

therefore, his sentence imposed under that law is invalid. For the following reasons, we find the Reagan Tokes Law is constitutional and affirm the lower court's ruling.

**Factual and Procedural History**

{¶ 2} On October 21, 2020, in Cuyahoga C.P. No. CR-20-653422-B, a Cuyahoga County Grand Jury indicted Dotson on Count 1, aggravated murder in violation of R.C. 2903.01(A); Count 2, murder in violation of R.C. 2903.02(B); and Count 3, felonious assault in violation of R.C. 2903.11(A)(1). Counts 1, 2, and 3 included one- and three-year firearm specifications. The charges arose from an incident on September 23, 2020, that resulted in the death of Freddie Edwards. On October 30, 2020, Dotson pleaded not guilty to the indictment.

{¶ 3} On May 9, 2022, Dotson withdrew his prior pleas and pleaded guilty to amended Count 1, involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A) with a three-year firearm specification and amended Count 3, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), with a three-year firearm specification. The court nolled Count 2. The trial court advised Dotson of the implications of the Reagan Tokes Law and referred him for a presentence investigation and report.

{¶ 4} On June 14, 2022, the trial court held a sentencing hearing. On amended Count 1, the court ordered Dotson to serve three years on the firearm specification to run prior to and consecutive to a seven-year sentence on the involuntary manslaughter charge. On amended Count 3, the court sentenced Dotson to serve three years on the firearm specification to run prior to and

consecutive to a minimum seven-year sentence on the felonious assault charge. The court ordered the sentences on Counts 1 and 3 to run consecutive to one another. Pursuant to the Reagan Tokes Law, the court imposed a minimum sentence of 14 years and a maximum sentence of 17 ½ years on Counts 1 and 3, and a total stated prison term of 20 to 23 ½ years. The court also imposed postrelease control. On July 11, 2022, Dotson filed an appeal presenting a single assignment of error for our review:

> Assignment of Error I: As amended by The Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violate the Constitutions of the United States and the State of Ohio.

**Legal Analysis**

{¶ 5} In his sole assignment of error, Dotson argues that the Reagan Tokes Law is unconstitutional and, therefore, his sentence imposed under that law is invalid. Specifically, Dotson argues that his indefinite sentence under the Reagan Tokes Law, enacted under S.B. 201 and R.C. 2901.011, is unconstitutional because it violates his constitutional right to a jury trial, the separation-of-powers doctrine, and his due process rights.

{¶ 6} This court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), overruled Dotson's challenges to S.B. 201 that are presented in this appeal. Therefore, we are constrained to follow *Delvallie*, and as such, find that the Reagan Tokes Law is constitutional. We must find that Dotson's

sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights and, therefore, his assignment of error is overruled.

{¶ 7} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.